District of Oregon

Corresponds to AO 241
Petition for a Writ of Habeas Corpus Under 28 U.S.C § 2254
(Rev. 1/20)

FILED 07 APR '26 10:17 USDC-ORP

Page 2 of 10

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS
### BY A PERSON IN STATE CUSTODY

| United States District Court | District of Oregon | 6:26-cv-00687-YY |
|---|---|---|
| Name (under which you were convicted): Orlando Lee Pouncey | | Docket or Case No.: A182792 |
| Place of Confinement: Oregon State Penitentiary | | Prisoner (SID) No.: 21060078 |
| Petitioner (include the name under which you were convicted) Orlando Lee Pouncey | v. | Respondent (authorized person having custody of petitioner) Corey Fhuere |
| The Attorney General of the State: Dan Rayfield #064790 | | |

### CONVICTION UNDER ATTACK

1. Name and location of court that entered the judgment of conviction you are challenging:

   Washington County Circuit Court

2. Criminal docket or case number (if known): 15CR57555

3. (a) Date of judgment of conviction (if known): July 19 2016

   (b) Date of sentence: 06 03 2016

4. Length of sentence: 360 months to life

5. Identify all crimes for which you were convicted and sentenced in this case:

   Murder
   Unlawful use of a Weapon
   Felon in Poss

6. What was your plea? (Check one)

   [X] Not Guilty              [ ] Guilty

   [X] Nolo Contendere (No Contest)    [ ] Insanity Plea

   If you entered a guilty plea(s), list what crimes you pleaded guilty to, and what crimes you did not plead guilty to:
   @ Guilty - Felon in Poss
   Not Guilty - Murder, unlawful use of a weapon

7. If you pleaded not guilty, what kind of trial did you have? (Check one)

   [X] Jury              [ ] Judge Only

8. Did you testify at trial?

   [ ] Yes              [X] No

116405

District of Oregon

Corresponds to AO 241
Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254
(Rev. 1/20)

Page 3 of 10

## EXHAUSTION OF STATE REMEDIES

### DIRECT APPEAL

9.     Did you directly appeal from the judgment of conviction?

☑ Yes          ☐ No

a.     Name of court: Oregon Court of appeals

b.     Docket or case number (if known): A162761

c.     Result: Affirmed with opinion

d.     Date of result and citation (if known): April 8 2020

e.     Grounds raised:

Denying motion for mistrial after prosecutors remarks, Applying firearm minium sentence required by ORS 161.160(4) to conviction other then the first one

10.     Did you seek further review of the decision on appeal by a higher state court?

☑ Yes          ☐ No

a.     Name of court: Oregon Surpreme court

b.     Docket or case number (if known):

c.     Result: Denied

d.     Date of result and citation (if known):

e.     Grounds raised:

11.     Did you file a petition for certiorari in the United States Supreme Court?

☑ Yes          ☑ No

NO I did not go to US surpre court.

District of Oregon
Corresponds to AO 241
Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254
(Rev. 1/20)

Page 4 of 10

a.  Docket or case number (if known): _____

b.  Result _____

c.  Date of result and citation (if known): _____

d.  Grounds raised.

_____
_____
_____
_____
_____
_____

12  If you did not directly appeal from the judgment of conviction, explain briefly why you did not.

N/A

### POST-CONVICTION RELIEF

13  Did you file a petition for state post-conviction relief?

☑ Yes          ☐ No

a.  Name of court: marion

b.  Docket or case number (if known): 21CV01053

c.  Nature of proceeding: Affirmed with opinion

d.  Did you receive an evidentiary hearing?

☐ Yes          ☑ No

e.  Result: Affirmed with an opinion

f.  Date of result and citation or case number (if known): Oct 14 2023

g.  Grounds raised:
Ineffective assitance of Counsel, for not calling witness's expert testimony, Not calling witness and not Impeaching russie Barton, Improper Vouching, Jury waiver on Count 3, Not objecting for Improper eviedence for retainer Fee, Failuer to object to prosecution misconduct

14.  Did you appeal the result of your state post-conviction case?

☑ Yes          ☐ No

District of Oregon

Corresponds to AO 241
Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254
(Rev. 1 20)

Page 5 of 10

a.    Name of court: **Oregon Court of Appeal's**

b.    Docket or case number (if known): **A182792   21CV01053**

c.    Result: **Affirmend with an opinion**

d.    Date of result and citation (if known): **12 × 10 × 2025**

e.    Grounds raised:
**ineffective assistance involving trial Counsels advice that Petitioner should not testify and should waive his right to jury trial, Trial counsel Failure to request jury not know about prior felonies, Failure to exclude or object to murder 4 hire arguments. Failure to impeach eye witness and his inconsistant Statements, Failure to Call expert Ken Mencely to put on a defense, Prosecutions improper vouching statements in Closing as well entire trial Cumulative error overall errors as a whole.**

15.    Did you seek further review of the decision on appeal by a higher state court?

☑ Yes        ☐ No

a    Name of court: **Oregon Surpreme Court**

b.    Docket or case number (if known): **21CV01053  A182792**

c    Result: **Denied**

d    Date of result and citation (if known): **December 19 2025**

e    Grounds raised: **1-3 Assignment 1 ineffective Counsel prejudice knowing defendant was a felon advised jury of my indicment was advised to waive charge and not testify, Assign 4-Not objecting or excuding prejudice statements (Assign 5) 5-6 failed to fully cross-examine eye witness and bullet trajectory. (Assign 7) alligning hiself with the jury blostering prosecution. (Assign 8) collective errors**

16.    If you did not appeal from the adverse decision in your state post-conviction case, explain briefly why you did not:
**N/A**

## GROUNDS FOR RELIEF

17.    For this petition, state *concisely* every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: In order to proceed in the federal court, normally you must exhaust (use up) your available state court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

For your information, the following is a list (a-j) of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise grounds other than those listed.

District of Oregon

Corresponds to AO 241
Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254
(Rev. 1/20)

a.  Conviction obtained by plea of guilty that was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
b.  Conviction obtained by use of coerced confession.
c.  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
d.  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
e.  Conviction obtained by a violation of the privilege against self-incrimination.
f.  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
g.  Conviction obtained by a violation of the protection against double jeopardy.
h.  Conviction obtained by action of a grand or petit jury that was unconstitutionally selected and impaneled.
i.  Denial of effective assistance of counsel at trial or on appeal.
j.  Denial of right of appeal.

A.  **Ground One:** Denial of effective assistance of counsel on appeal or at trial

**Supporting FACTS (state *briefly* without citing cases or law):**
Not objecting to Murder 4 hire theory claiming my lawyer got paid
Having me sign a waiver on Count 3
Improper vouching calling witness liar telling Jury hes no long innocent
aligning himself with Jury
Failure to call experts on trajectory and eyewitness statements
Allowing Jury to hear I was a felon then advising me to waive my Jury rights
and not putting me on the stand

B.  **Ground Two:** Failure to call experts

**Supporting FACTS (state *briefly* without citing cases or law):**
Failure to call forensic expert Kenn McNeely

Failure to call use of force expert Mike K. To explain self
defense to Jury enlighten them on facts

Failure to call forensic expert to explain trajectory
and position of body

Discredit states experts

District of Oregon

Corresponds to AO 241
Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254
(Rev. 1/20)

C.     **Ground Three:** Failure to impeach witness. (key witness)

**Supporting FACTS** (state *briefly* without citing cases or law): Gutbezahi did not impeach witness Barton by calling Forensic expert to discredit claims of witness saying victim was just saying he was standing there when shot. Use of force expert interviewed Barton and could discredit his claim and disprove what was said at trial.

D.     **Ground Four:** Improper Vouching

**Supporting FACTS** (state *briefly* without citing cases or law): DA Vouching aligning themselves with Jury
Constantly Calling Witness liars
Blostering States witness Barton

## OTHER INFORMATION

18.    Please answer these additional questions about the petition you are filing:

a.     Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?

☒ Yes                              ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

N/A

District of Oregon

Corresponds to AO 241
Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254
(Rev. 1/20)

b    Is there any ground in this petition that has not been presented in some state or federal court? If so, indicate which ground or grounds have not been presented, and state your reasons for not presenting them:

Yes, Miranda rights never were given.
Tool Marking evidence Wasnt presented
Search and seize Moving evidence

Lawyer felt they Werent important to bring up.

19.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, state or federal, for the judgment you are challenging here?

☐ Yes          ☒ No

If the answer is "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised:

N/A

20.    Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein.

a.    At preliminary hearing:
John Gutbezahl  5 centerpointe DR Ste 400 Lake Oswego OR 97035

b    At arraignment and plea:
John Gutbezahl

c.    At trial:
John Gutbezahl

d.    At sentencing:
John Gutbezahl

e.    On appeal:
Eric R Johansen OSB No. 822919  1175 Court Street NE Salem
Oregon 97301

f.    In any post-conviction proceeding:
Noel Grefenson 1415 Liberty street S.E. Salem Oregon 97302
Daniel Casey #952277 PO Box 82818 Portland OR 97282

District of Oregon
Corresponds to AO 241
Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254
(Rev. 1/20)

g.    On appeal from any adverse ruling in a post-conviction proceeding:

_Laura Graser P.O. BOX 12441 Portland OR 97212_

21.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?

☐ Yes          ☑ No

a.    If yes, in what court was the prior action filed?  N/A

b.    What was the prior case number?  N/A

c.    Was the prior action:        ☐ Decided on the merits, or

☐ Dismissed on procedural grounds

N/A

d.    Date of decision:  N/A

e.    Are there any issues in this petition raised in the prior petition?

☐ Yes          ☑ No

f.    If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this successive petition?

☐ Yes*          ☑ No

*If the answer is "Yes," you *must* attach a copy of the order received from the Ninth Circuit Court of Appeals.

22.    Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

☐ Yes          ☑ No

a.    If so, give the name and location of the court that imposed the sentence to be served in the future:  N/A

b.    Give the date and length of sentence to be served in the future:  N/A

c.    Have you filed, or do you contemplate filing, any petition attacking the judgment that imposed the sentence to be served in the future?

☑ Yes          ☐ No

District of Oregon
Corresponds to AO 241
Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254
(Rev. 1/20)

23.    TIMELINESS OF PETITION. If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition:

_____
_____
_____
_____
_____
_____

24.    Date you are mailing (or handing to correctional officer for mailing) this petition to the Court:*

4/1/26
_____

WHEREFORE, petitioner prays that the Court will grant such relief to which he or she may be entitled in this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by a person in state custody.

_____
Signature of Attorney (if any)

### DECLARATION UNDER PENALTY OF PERJURY

I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

3/31/26
_____
Date

_____
Signature of Petitioner

* As noted in the instructions to this form (at #8), if you are incarcerated at Snake River Correctional Institution (SRCI) or Two Rivers Correctional Institution (TRCI), you must comply with the requirements of the E-Filing Program posted at the institution and set forth in Standing Order 2019-7 (for SRCI) or 2019-12 (for TRCI). Accordingly, you must submit your filings in this case to prison staff for scanning and electronic submission, instead of mailing the filing using the U.S. Postal Service. Please indicate the date you submitted this petition to prison staff for scanning and electronic submission.

Orlando Pouncy
2060028

1 OF 4

6:26-cv-00687-YY

IV. FEDERAL HABEAS CORPUS GROUND FOR RELIEF

A. GROUND ONE: PETITIONER WAS DENIED ADEQUATE ASSISTANCE OF TRIAL COUNSEL, IN VIOLATION OF BOTH 6TH AND 14th AMENDMENT TO THE UNITED STATES CONSTITUTION AND THE AMERICAN BAR ASSOCIATION STANDARDS FOR ATTORNEY REPRESENTATION, WHEN PETITIONERS TRIAL COUNSEL JOHN GUTBEZAHL FAILED TO DILEGENTLY AND CONSCIENTUOSLY EXERCISE PROFFESIONAL SKILL AND JUDGEMENT IN THEIR REPRESENTATION OF PETITIONER THEIR ACTS AND OMISSIONS INDIVIDUALLY AND collectively WERE UNREASONABLE WHICH CAUSED PETITIONER PREJUDICE.

1. SUPPORTING FACTS

B. GROUND TWO: PETITIONER WAS DENIED ADEQUATE ASSISTANCE OF TRIAL COUNSEL, IN VIOLATION OF THE 6Th AND 14Th AMENDMENTS TO THE UNITED STATES CONSTITUTION, AS WELL AS ARTICLE 1, 10, 11 OF THE OREGON CONSTITUTION AND ALSO THE AMERICAN BAR ASSOCIATION STANDARDS FOR ATTORNEY REPRESENTATION WHEN PETITIONERS TRIAL COUNSEL JOHN GUTBEZAHL FAILED TO DILEGENTLY AND CONSCIENTOUSLY EXERCISE PROFFESIONAL SKILL AND JUDGEMENT IN THE FOLLOWING PARTICULARS

1. SUPPORTING FACTS: PETITIONER RE-ALLEGAS AND INCORPORATES BY REFERANCE THE ALLEGATIONS IN GROUND ONE

C. GROUND THREE (A) THE TRIAL COURTS RULING, THE LAST REASONED STATE COURT OPINION IN THIS CASE, RESULTED IN A DECISION THAT(1) WAS CONTRARY TO CLEARLY ESTABLISHED FEDERAL LAW AS DETERMINED BY THE SUPREME COURT(2) INVOLVED IN UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW AS DETERMINED BY THE SUPREME COURT, AND(3) WAS BASED ON AN UNREASONABLE DETERMINATION OF THE FACTS IN LIGHT OF THE EVEDINCE PRESENTED THE IN STATE COURT PROCEEDING. 28 USC 2254 (D), (B) ACCORDINGLY THIS U.S DISTRICT COURT SHOULD (A) ISSUE A WRIT (B) ORDER AND CONDUCT A FULL EVEDENTARY HEARING, OR (C) ORDER DISCOVERY TO DEVELOP THE FACTS . IT IS WELL ESTABLISHED THAT A CRIMINAL DEFENDANT HAS A RIGHT TO effective COUNSEL AT EVERY STEP IN THE PROCEEDINGS AGAINST him even THOUGH THE SIXTH AMENDMENT DOES NOT GUARANTEE THE RIGHT TO A meaningful ATTORNEY client Relationship it DOES GUARANTEE effective ADVOCATE FOR EACH CRIMINAL DEFENDANT see wheat v UNITED STATES, 486 US 153, 159 (1988)

Orlando Pouncy
21060078

2 of 4

(C) A STATE COURTS DECISION IS CONTRARY "TO CLEARLY ESTABLISH SUPREME COURT PRECIDENT IF IT APPLIES A RULE THAT CONTRADICTS A GOVERNING LAW SET FORTH IN SUPREME COURT CASES OR CONFRONTS A SET OF FACTS THAT IS MATERIALY IN-DISTINGUISHED FROM A DECISION OF THE SUPREME COURT AND NEVERTHELESS ARRIVES AT A RESULT DIFFERENT FROM SUPREME COURT PRECEDANT. SEE LOCKER V ANDRADE, 123 S.CT. 1166 538 U563, 73 (2003), WHEN APPLYING THE STANDARD, THIS US DISTRICT COURT REVIEWS THE LAST REASONED DECISION BY THE STATE COURT POSTCONVICTION WRITTEN DECISION) ROBINSON V. IGNACIO 360 F. 2D 1049, 1055 (9TH CIRCUIT COURT. 2004) PETITIONER IS ENTITLED TO RELIEF AS A MATTER OF LAW

(C) GROUND THREE H:

(I) SUPPORTING FACTS: PETITIONER REALLEGES AND INCORPORATES BY REFERENCE THE ALLEGATIONS IN GROUND ONE AND TWO.

(A) THE POST CONVICTION COURT, COURT OF APPEALS, AND THE OREGON SUPREME COURT WERE ALL CONFRONTED WITH A SET OF FACTS THAT DEMONSTRATED THAT PETITIONER HAD BEEN DENIED THE RIGHT TO ADEQUATE ASSISTANCE OF COUNSEL, DUE PROCESS AND EQUAL PROTECTION, AS DETERMINED BY THE UNITED STATES SUPREME COURT IN STRICKLAND V WASH. NGTON. 466 US 688, 104 S.CT 2052, 80 L.ED. 2D 674 (1984) UNITED STATES V BAGLEY 437 US 667, 105 Sc T 3375 (1985) AND UNITED STATES V CRONIC 466 US 648, 104 S CT 2039, 2042046, 80 L T ED 2D 657 (1984) HOWEVER REACHED A DECISION THAT IS CONTRARY TO CLEARLY ESTABLISH FEDERAL LAW

(B) THE POSTCONVICTION COURT, COURT OF APPEALS, AND THE OREGON SUPREME COURT WERE ALL CONFRONTED WITH A SET OF FACTS THAT DEMONSTRATED THAT PETITIONER HAD BEEN DENIED THE RIGHT TO ADEQUATE ASSISTANCE OF COUNSEL, DUE PROCESS AND EQUAL PROTECTION AS DETERMINED BY THE UNITED STATES UNITED STATES SUPREME COURT IN STRICKLAND V WASHINGTON 466 US 668, 104 S CT 2052, 80 L.ED 2D 674 (1984) UNITED STATES V BAGLEY 437 U.S 667, 105 S ct 3375 (1985) AND UNITED STATES V CRONIC 466 US 648 104 Sct 2039, 2042096 SO L.ED 2D 657 (1984) THEIR RULING WAS BASED ON AN UNREASONABLE DETERMINATION OF THE FACTS IN LIGHT OF EVIDENCE PRESENTED IN THE UNITED STATES COURT PROCEDINE 28 USC 2254 (D)

(C) THE POST CONVICTION COURT, COURT OF APPEALS, AND THE OREBON SUPREME COURT WERE ALL CONFRONTED WITH A SET OF FACTS DEMONSTRATED THAT PETITIONER HAD BEEN DENIED THE RIGHT TO ADEQUATE ASSISTANCE OF COUNSEL SECURED BY THE SECURITES AND IMMUNITIES ACT, PROTECTION AND INVOLVED IN UNREASONABLE APPLICATION OF

clearly established Federal law as determined by the United States Supreme Court

(D) Ground four: Petitioner was denied the right to due process and equal protection of the law in violation of both the United States constitutions 6th amendment as well as article I, 10 and 11 of the Oregon constitution when the Oregon courts used a standard of review that is in conflict with the ruling of the United States Supreme court, post conviction court applied as improper standard to petitioners claim of inadequate and effective counsel. Petitioner is entitled to relief as a matter of law

(1) Supportive facts: Petitioner realleges and incorporates by reference the allegations in ground one, two, three

(H) Petitioner presented to the post conviction court, specific incidents of inadequate and ineffective assistance of counsel, as stated herein, the post conviction court erred in its analysis and standard of reviewing in denying relief. The ruling, court opinion in this case resulted in a decision: (1) was contrary to established federal law as determined by the Supreme court in (Strickland v. Washington. 466, 668, 104 SCT 2052, CT (1984) (2) involved an unreasonable application of clearly established Federal law, as determined by the United States Supreme court (3) was based on an unreasonable determination of fact in light of the evidence presented in the state court proceeding 28 USC, 2254 (0)

Orlando Pouncy
4060028

(B) The OREGON POST CONVICTION COURT USED A STANDARD THAT RESULTED IN A DECISION THAT IS CONTRARY TO AND INVOLVED AN UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW AS DETERMINED BY THE UNITED STATES SUPREME COURT THE DETERMINATION IS BASED ON THE UNREASONABLE DETERMINATION OF FACTS IN LIGHT OF THE PETITIONARS EVIDENCE PRESENTED IN THE STATE COURT PROCEEDING, SPECIFICALLY THE PETITIONAR HAS BEEN DENIED ADEQUATE AND EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE STANDARD SET FORTH IN STRICKLAND V WASHINGTON 466 US 668, 104 S.CT 2052 (1984) AND ALSO UNDER THE SIXTH AMENDMANT TO THE UNITED STATES CONSTITUTION PETITIONAR HAS SUFFERED BECAUSE OF DEFICIENCIES IN REPRESENTATION AND IS ENTITLED TO RELIEF AS A MATTER OF LAW.

(C) PETITIONER PRESENTED TO THE POSTCONVICTION COURT SPECIFIC INCIDENTS OF INADEQUATE AND EFFECTIVE COUNSEL, AS STATED HEREIN. THE POSTCONVICTION COURT ERRED IN ITS ANALYSIS AND STANDARD OF REVIEW IN DENYING RELIEF. THE RULING, COURT OPINION IN THIS CASE, RESULTED IN THIS DECISION THAT IS CONTRARY TO FEDERAL CONSTITUTIONAL LAW AND DECISIONS, SPECIFICALLY, THE RULING AND PRINCIPLE OF STRICKLAND V WASHINGTON 466 US 668, 104 S CT 2052 (1984)

(E) GROUND FIVE: PETITIONAR WAS DENIED THE RIGHT TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW IN RELATION OF BOTH THE 6TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION AS WELL AS ARTICLE I, 10 AND 11 OF THE OREGON CONSTITUTION WHEN THE POST CONVICTION COURT APPLIED AN IMPROPER STANDARD TO PETITIONERS CLAIMS OF INADEQUATE AND INEFFECTIVE ASSISTANCE OF COUNSEL, PETITIONER IS ENTITLED TO RELIEF AS A MATTER OF LAW

(1) SUPPORTING FACTS: PETITIONER RE-ALLEGAS AND INCORPORATES BY REFERENCE THE ALLEGATIONS IN GROUNDS ONE, TWO, THREE AND FOUR

(H) PETITIONER PRESENTED TO THE POSTCONVICTION COURT THE FACT THAT BOTH TRIAL AND APPELATE COUNSEL WERE INADEQUATE AND EFFECTIVE PETITIONER WAS DENIED HIS RIGHT TO A FAIR TRIAL SENTINCING HEARING, AND APPELATE REVIEW IN ARTICLE I SECTION 11, OF THE OREGON CONSTITUTION AND THE 5TH, 6TH AND 14TH AMENDMANTS OF THE UNITED STATES CONSTITUTION IN THAT THE STATE OF OREGON HAS FAILED TO ABIDE BY THE FEDERAL CONSTITUTION, REGULATIONS AND LAWS INCLUDING ITS OWN STATUARY COMMANDS IMPLICATING PETITIONERS CONSTITUTIONALLY

PROTECTED LIBERTY INTEREST, AS PROTECTED BY The 14th Amendment To The United STATES CONSTITUTION, PROHIBITING ARBITARY DEPRIVATION OF THAT LIBERTY BY STATE

(F) GROUND Six: Petitioner WAS Denied ADEQUATE ASSISTANCE OF APPELLATE COUNSEL IN VIOLATION OF BOTH The 6TH AND 14TH Amendment To The UNITED STATES CONSTITUTION AS WELL AS ARTICLE 1, 10 AND 11 AND 33 OF The OREGON CONSTITUTION AND The AMERICAN BAR ASSOCIATION STANDARD FOR ATTORNEY REPRESENTATION WHEN Petitioners APPELLATE COUNSEL ERIC R. Johansen FAILED TO DILENTLY AND CONSCIENTOUSLY EXERCISE PROFESSIONAL SKILL AND Judgement, Petitioner WAS DENIED The Right To ADEQUATE AND EFFECTIVE ASSISTANCE OF COUNSEL DURING his APPEAL COURT PROCEDINGS, AND APPELLATE COUNSEL FAILED TO EXERCISE REASONABLY PROFFASSIONAL SKILLS AND Judgement AND Petitioner hAS SUFFERED PREJUDICE AS A Result, PetITIONAR IS entitled TO Relief AS A MATTEROF LAW, IN The FOLLOWING PARTICULARS

(i) SUPPORTING FACTS. PetItIONAR ReALLEGAS AND incorParates BY Referce The ALLEGATIONS IN GROUNDS, ONE TWO, Three, FOUR AND FIVE

(A) ON DIRECT APPEAL: PetITIONAR hAS The Right TO APPEAL ADequate ASSISTANCE OF COUNSEL APPELATE COUNSEL ERIC R. Johansen, FAILED TO PROPERLY AND ADEQUATELY SEARCH The Record FOR TRIAL COURT STRUCTURAL ERRORS That Rendered Petitioners TRIAL UNFAIR AND IN VIOLATION OF The UNITED STATES CONSTITUTION DUE PROCCESS, AND EQUAL PROTECTION GUARANTEES, Penson V. Ohio 488 US 75, 109 CT 346 (1988)

(B) PetITIONER FURTHER ALLEGAS he WAS DENIED CONSTITUTIONAL EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL AND PetITIONAR IS ENTITLED TO RELIEF AS A MATTER OF LAW

Orlando Youncuy
21060028

4 OF 4

(G) GROUND Seven: PETITIONAR WAS DENIED The RIGHT TO DUE PROCESS AND EQUAL PROTECTION OF The LAW IN VIOLATION OF BOTH The 6Th AND 14Th AMENDMENTS TO The UNITED STATES CONSTITUTION AS WELL AS ARTICLE 1, 10 AND 11 OF The OREGON CONSTITUTION WHERE The GOVERNMENT FAILED TO meet ITS BURDEN OF PROOF BEYOND A REASONABLE DOUBT

(1) SUPPORTIVE FACTS: PETITIONAR RE-ALLEGHS AND INCORPARAHTES BY REFERCE The ALLEGATIONS IN GROUND S. ONE, Two, Three, Four, Five AND Six

(A) PETITIONAR RELICS ON The FACTS SET FORTh IN GROUNDS ONE, Two, Three, Four, Five AND SIX.

(H) GROUND eight: PETITIONAR WAS DENIED The RIGHT TO DUE PROCESS AND EQUAL PROTECTION OF The LAW IN VIALATION OF BOTH The 6Th AND 14Th AMENDMONTS TO The UNITEN STATES CONSTITUTION AS WELL AS ARTICLE 1, 10 AND 11 OF The OREGON CONSTITUTION WHEN The OREGON DIRECT APPEALS COURT AFFIRMED The CIRCUIT COURT IN FINDING That THERE WERE SUFFICENT FINDINES BEYOND A REASONABLE DOUBT PETITIONAR IS ENTITLED TO RELIEF AS A MATTER OF LAW

(1) SUPPORTING FACTS: PETITIONAR Re-ALLEGHS AND INCORPORATES BY REFERONCE The ALLEGATIONS IN GROUNDS ONE, Two, Three, Four, Five, Six AND SEVEN

(A) PETITIONAR RELIESON The FACTS SET FORTh IN GROUNDS, ONE, Two, Three, Four Five AND Six

Oregon Department of Corrections - AIC Mail

Institution: OSP
Name: Orlando Parra SID: 21060078
Address: 2605 State st
City: Salem, Oregon ZIP 97310

quadient
04/03/2026
US POSTAGE $002.72

FIRST-CLASS MAIL
IMI

ZIP 97310
041M11470048

PRIORITY LEGAL

RED0007 APR '26 10:17 USDC-ORP

PRIORITY LEGAL.

116405

Legal Mail

Clerk of Court
US District Court, District of Oregon
1000 SW Third Avenue Suite 740
Portland Oregon 97204-2902

Postage Paid